**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

NOEL MANGAN,

        Petitioner,    :    Case No. 3:15-cv-045

  - vs -                           District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional Institution,

                                     :
        Respondent.

**REPORT AND RECOMMENDATIONS**

Petitioner Noel Mangan brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from his convictions in the Greene County Common Pleas Court on a number of drug-related offenses. He pleads the following grounds for relief:

> **Ground One**: I was denied due process and a fair trial when the trial court admitted evidence in error that was so prejudicial that it rendered the trial unfair.
>
> **Supporting Facts:** The trial court improperly admitted a videotape of an alleged drug transaction that had been altered by the police. The dates did not match the allegation in the indictment, the video did not accurately reflect what occurred, and the police erased the original video and could not produce it upon demand. This erroneously admitted evidence violated the petitioner's right to due process and a fair trial and the court of appeals unreasonably failed to apply U.S. Supreme Court precedent.
>
> **Ground Two:** My Fourth Amendment rights were violated when the trial court failed to suppress illegally obtained evidence and it admitted illegally obtained evidence in violation of the U.S. Constitution.

1

**Supporting Facts:** The police, without warrant or consent, surreptitiously gained access to my home and covertly videotaped me in what they claimed was illegal activity. The Fourth Amendment requires the police to obtain a warrant or consent before entering my home and the state court unreasonably failed to apply U.S. Supreme Court precedent in its review.

**Ground Three:** I received ineffective assistance of appellate counsel in violation of the 6th and 14th amendments for failure to raise violations of the Confrontation Clause in the appeal.

**Supporting Facts:** My rights to confrontation were violated when the State had the police tell the jury what they had learned from a police informant through hearsay and double hearsay while the informant never testified and was not subject to cross-examination. The statements were testimonial and inadmissible and a reasonably competent appellate attorney would have presented this issue for appellate review.

**Ground Four:** I received ineffective assistance of appellate counsel in violation of the 6th and 14th amendments for appellate counsel's failure to raise ineffective assistance of trial counsel.

**Supporting Facts:** Trial counsel was ineffective because he elicited from police that they knew the defendant for years in regard to making meth. Trial counsel also failed to object when the trial court used a prior acquittal as an aggravating factor at sentencing. Trial counsel's conduct fell below that of a reasonably attorney and appellate counsel was ineffective for not raising this on appeal.

(Petition, ECF No. 1.)

**Procedural History**

Mangan was indicted by a Greene County grand jury on April 6, 2012, for various drug-related offenses. After denial of a motion to suppress, the case proceeded to jury trial, resulting in guilty verdicts on seven counts related to drug trafficking. The trial court merged a number of counts under Ohio Revised Code § 2941.25 and sentenced Mangan to an aggregate five years in

prison. Mangan appealed to the Second District Court of Appeals which affirmed the convictions. *State v. Mangan*, 2014-Ohio-960, 2014 Ohio App. LEXIS 898 (2nd Dist. Mar. 14, 2014).[1] Although the Supreme Court of Ohio allowed the filing of a delayed appeal, it declined to exercise jurisdiction on the merits. *State v. Mangan*, 140 Ohio St. 3d 1438 (2014).

In June 2014 Mangan filed an application for reopening his direct appeal under Ohio R. App. P. 26(B) to raise three claims of ineffective assistance of appellate counsel. The Second District denied that application. *State v. Mangan*, Case No. 2013-CA-3 (2nd Dist. Sept. 9, 2014)(unreported, copy at Decision and Entry, ECF No. 8, Ex. 29, PageID 173-80)(hereinafter *State v Mangan 26(B)*). The Ohio Supreme Court also declined to exercise jurisdiction over an appeal of this decision and Mangan filed the instant habeas corpus petition.

# ANALYSIS

**Ground One: Admission of Improper Video Recording**

In his First Ground for Relief, Mangan asserts he was denied due process and a fair trial because a video recording of a drug transaction had been altered by the police and was not an accurate depiction of what happened. Mangan raised this claim as his First Assignment of Error on direct appeal and the Second District decided it as follows:

> **[*P11]** Mangan's First Assignment of Error is as follows:
>
> THE TRIAL COURT ERRED IN THE ADMISSION OF EVIDENCE AT TRIAL.

---

[1] References hereinafter to *State v. Mangan, supra*, are to this opinion.

3

> [*P12] In this assignment, Mangan takes exception to the admission of the audiovisual recordings of the offenses in the possession of the police. Mangan argues that the recordings, having been copied onto the computer hard drive from the original recording device, are duplicates, and are therefore covered by Evid.R. 1003: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Mangan argues that he did raise a genuine question as to the authenticity of the original recording, because Officer Black testified that the times and dates "stamped" on the recordings by the audiovisual recording device were not correct.
>
> [*P13] Officer Penrod, who was present when both recordings were made, testified that they accurately depicted the events shown and heard on each recording. Her testimony in this regard was not rebutted. Therefore, the only question raised as to the authenticity of the original recordings is the time and date "stamped" on the recordings. The State acknowledged that the times and dates shown on the recordings were not correct, but offered other evidence to show the times and dates when the events depicted in each recording occurred. Therefore, the recordings were not offered to prove the times and dates of the occurrences depicted therein, and no genuine question was raised as to the authenticity of each original recording for the purposes for which each was offered.
>
> [*P14] We might reach a different result if an immaterial discrepancy in a duplicate was of a nature that reasonably implicated the authenticity of the original in general. But it is common knowledge that time and date stamps on recording devices, unless the devices are connected to the internet, must be correctly set up by a user initially, and must be maintained, so that inaccuracies in a time and date stamp on an audiovisual recording device often occur without impugning in any way the accuracy of the audiovisual recordings underlying the time and date stamps.
>
> [*P15] We conclude, therefore, that the trial court did not err in admitting the audiovisual recordings in evidence. Mangan's First Assignment of Error is overruled.

*State v. Mangan, supra.*

The Warden argues Mangan's First Ground for Relief raises only state law evidence

4

issues and is therefore not cognizable in habeas corpus. However, Mangan clearly pled this claim in the state courts as a federal constitutional claim, albeit dependent on some state law evidence issues (Appellant's Brief, ECF No. 8, Ex. 22, PageID 91-97). Thus the federal constitutional claim was fairly present to the Second District and is preserved for habeas consideration.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

In his Reply, Mangan argues the state court decision[2] is an objectively unreasonable application of several Supreme Court cases, to wit, *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley,* 473 U.S. 667 (1985); *California v. Trombetta,* 467 U.S. 479 (1984); and *Arizona v. Youngblood*, 488 U.S. 51 (1988)(cited at Reply, ECF No. 13, PageID 691).

The problem with Mangan's argument in the Reply is that it does not address the same claim raised on appeal or pled in the Petition. All four of the cited cases in the Reply are about the government's withholding or not preserving evidence favorable to a criminal defendant. But the claim raised on appeal and pled in the Petition is not about evidence favorable to the defendant that was withheld or not preserved. Instead, it is a claim about evidence unfavorable to a defendant which was actually introduced. The Supreme Court cases cited to the Second District were *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)(on prosecutorial misconduct);

---

[2] It is the court of appeals decision which is in issue since it is the last reasoned state court decision. Y*lst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

*Payne v. Tennessee*, 501 U.S. 808 (1991)(on victim impact evidence in capital cases); *Darden v. Wainwright,* 477 U.S. 168 (1986)(another prosecutorial misconduct case); *Estelle v. Williams,* 425 U.S. 501 (1976)(cited for the unexceptionable principle that the right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment); *Lisenba v. Cailfornia,* 314 U.S. 219 (1941)(a coerced confession case); *Spencer v. Texas,* 385 U.S. 554 (1967)(rejecting a due process challenge to the admission of prior convictions); *Dowling v. United States*, 493 U.S. 342 (1990); and *Chambers v. Mississippi*, 410 U.S. 284 (1973)(Appellant's Brief, ECF No. 8, Ex. 22, PageID 91-94).  Mangan's attorneys on appeal cited none of the cases on which he now relies in his Reply.  Moreover, the cases are cited for very general propositions about due process and fair trial.  None of them has a holding related to exclusion of evidence for lack of proof of authenticity or under the best evidence rule.

The Second District's opinion does not cite any of the Supreme Court cases Mangan's counsel cited in their Brief, but none of them are in point.  Nor did the Second District cite any of the cases Mangan cites in his Reply because they are not relevant to the claim he made in the state courts.

To the extent Mangan is now arguing the Second District applied in point Supreme Court case law in an objectively unreasonable manner, he has failed to cite any case which was thus applied.  To the extent Mangan claims evidence was withheld or not preserved in violation of the cases he cites in his Reply, that claim was not fairly presented to the state courts.  Finally, to the extent Mangan claims the Second District was wrong in its application of Ohio evidence law, that is not a question cognizable in federal habeas corpus.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982);

6

*Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Nothing in the Second District's decision constitutes an unreasonable application of Supreme Court law.  The Supreme Court has never "constitutionalized" the best evidence rule or rules for establishing the authenticity of evidence.  As the Second District found, an undercover officer was present during the recorded drug deal and verified that the recording was an accurate depiction of what happened.  That is all the Rules of Evidence require and the Constitution requires no more.

The First Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Two:  Admission of Unconstitutionally Seized Evidence**

Mangan's Second Ground for Relief complains of the state courts' failure to suppress evidence which was gathered by Officer Penrod after she entered Mangan's home without disclosing her identity as a police officer.  Mangan claims this deception vitiated his consent to her entry and that the resulting video recording[3] should have been suppressed.

The Warden argues (Return of Writ, ECF No. 9, PageID 673-76) this claim is not cognizable on the merits under the doctrine of *Stone v. Powell,* 428 U.S. 465 (1976).  In that case the Supreme Court held federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to

---

[3] Mangan refers repeatedly to "videotape."  However it appears that the recording was digital and not on analog videotape.

7

litigate that question in the state courts.

*Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . the state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof." *Id.* at 638, *quoting Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

8

*Id.* at 639-40.

The record shows Mangan had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts and received a decision on the merits from the Second District which held

> [*P17] In this assignment of error, Mangan argues that Officer Penrod's entries into his residence were unlawful because they were without his consent, since he did not know Penrod was a police officer, and they were without a warrant. Therefore, the evidence obtained from those entries should have been suppressed.
>
> [*P18] In *State v. Posey*, 40 Ohio St.3d 420, 534 N.E.2d 61 (1988), paragraph three of the syllabus, the Supreme Court of Ohio held: "When an individual gives consent to another to enter a private area wherein illegal activities are being conducted, the consent does not lose its status of being freely and voluntarily given merely because it would not have been given but for the fact that the other person failed to identify himself as a police officer or agent."
>
> [*P19] At 428, the Supreme Court of Ohio cited *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). In *Lewis*, at 211, the United States Supreme Court held that an undercover narcotics agent could lawfully enter a home for the purpose of purchasing illegal drugs without violating the Fourth Amendment, just as in the case before us. On the authority of *Posey* and *Lewis*, Mangan's Second Assignment of Error is overruled.

*State v. Mangan, supra.* This excerpt shows that not only did Mangan get a full and fair opportunity to litigate his Fourth Amendment claims on the merits, he obtained a decision which is neither contrary to nor and objectively unreasonable application of Supreme Court precedent.

The Second Ground for Relief should also be dismissed.

9

**Ground Three:  Ineffective Assistance of Counsel on Appeal:  Confrontation Clause Claim**

In his Third Ground for Relief, Mangan claims he received ineffective assistance of appellate counsel when his attorneys failed to raise a Confrontation Clause claim.  He asserts a police informant's out-of-court testimonial statements were permitted to be offered through a police officer.

The Second District considered this claim on Mangan's Application for Reopening under Ohio App. R. 26(B).  The testimony Mangan objects to was that of Greene County Sheriff's Captain David Tidd as follows:

> Q. All right. And how did it come to your attention to start this investigation?
>
> A. Sometime in early or mid-February of 2012, I was called by Major Brett Prickett of the Clinton County Sheriff's Office. He told me he had an individual that is facing charges in Clinton County that potentially could buy drugs off of an individual in Greene County.
>
> Q. And did you meet with that individual?
>
> A. I did.
>
> Q. And that would be the person that Mr. Donatelli [defense counsel] has asked about, Mr. Bayless?
>
> A. That's correct.
>
> Q. As a result of your meeting with him, what happened then?
>
> A. He told me he could buy methamphetamine off of Noel Mangan. So we made arrangements by me giving him my phone number and he gave me his number so in the future we could hook up and go attempt to buy drugs off of Noel Mangan.

(*State v. Mangan 26B*, ECF No. 8, Ex. 29, PageID 173-74.)

The Second District noted, first of all, that no objection had been made to this testimony. Therefore, even if the claim had been raised on direct appeal, it would have been reviewed only for plain error, because Ohio has a contemporaneous objection rule which requires that the objection be made when the error can be cured. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998).

Even if the objection had been made, the Second District found it could have been properly overruled because there was no proper hearsay objection to be made. Tidd offered what Bayless had told him as background for why he started the investigation. Bayless did not in fact offer testimony about what Mangan had done in the past, but rather made a prediction about what Mangan would do in the future – sell methamphetamines – if given the proper opportunity.

Lastly, the Second District held there was no prejudice because there was much more direct evidence of Mangan's guilt – the jury had direct testimony from an undercover police officer of a trafficking transaction.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both

11

deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967); *United States v. Cronic,* 466 U.S. 648 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel.

*Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.") Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986).

      The Second District decision denying the 26(B) Application is neither contrary to nor an objectively unreasonable application of *Strickland* as applied in an appellate context. Had appellate counsel raised the claim, they would have had to meet a plain error standard and the court of appeals decision decides, as a matter of Ohio evidence law, that there was no error at all.

      Ground Three is without merit and should be dismissed.

**Ground Four: Ineffective Assistance of Appellate Counsel for Failure to Claim Trial Counsel was Ineffective**

In his Fourth Ground for Relief, Mangan claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise two claims of ineffective assistance of trial counsel:  (1) elicitation from police that they knew the defendant for years in regard to making meth and (2) failure to object when the trial court used a prior acquittal as an aggravating factor at sentencing.

Mangan raised the first of these two sub-claims in his 26(B) Application and the Second District decided it as follows:

> The next issue that Mangan claims his appellate counsel should have raised was the ineffective assistance of trial counsel in the following exchange during trial counsel's cross-examination of Detective Tidd:
>
> Q. Okay. Now, you indicated that you first learned of Mr. Mangan when you met with Confidential Informant Joshua Bayless from Clinton County; is that true?
>
> A. That I first learned of him?
>
> Q. Yes.
>
> A. I've heard his name before.
>
> Q. Okay. You've heard it before- Mr. Mangan's name before?
>
> A. Yes.
>
> Q. In connection with what?
>
> A. Making methamphetamine.
>
> Q. Okay. And how long ago was that in relationship to 2012?
>
> A. On and off for a few years, two or three maybe.

14

> Q. All right. But, in connection with the present case you indicated in your direct examination that you learned of Mr. Mangan from talking with Joshua Bayless; true?
>
> A. Correct.
>
> Mangan contends that his trial counsel was ineffective for having elicited Tidd's testimony concerning Mangan's having been involved in the manufacture of methamphetamine previously.
>
> Mangan's trial counsel had a difficult case to defend, in view of Detective Penrod's eyewitness testimony, corroborated by an audiovisual recording. Counsel was trying hard to persuade the jury that Bayless's credibility was significant, so that he could attack it. In that connection, counsel was trying to show the jury that Bayless was central to the investigation that the investigation would not have occurred but for Bayless's information. That strategy may not have had much likelihood of success, but counsel didn't have many cards to play.  Trial counsel is not ineffective when he does the best he can with what little is available to him. In this case, that strategy unfortunately led to the eliciting of Detective Tidd's reference to Mangan's previous involvement in the manufacture of methamphetamine, but we are not prepared to say that Mangan's trial counsel was ineffective for having pursued that strategy.

(*State v. Mangan 26(B),* Doc. No. 8, Ex. 29, PageID 175-76.)  The court concluded that, because trial counsel was not ineffective, it was not ineffective assistance of appellate counsel to fail to claim that he was.  *Id.*

In attempting to overcome the Second District's conclusion, Mangan argues that his attorney knew that Detective Tidd had unsuccessfully prosecuted Mangan for manufacturing methamphetamine on a prior occasion.  However, Mangan cites no place in the record where it is revealed that his attorney knew that.  In adjudicating his claim, this Court is limited to the evidence which was before the state courts.  *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).  Certainly nothing like that came out in the testimony the jury heard.  Mangan has not demonstrated the Second District's finding that trial counsel was engaged in carrying out a

15

reasonable strategy was contrary to or an unreasonable application of *Strickland*.

Mangan's second sub-claim is that he received ineffective assistance of trial counsel when his trial attorney failed to object to the trial judge's reference to his 2008 acquittal on manufacturing methamphetamine charges in imposing sentence. The Second District determined that it would not have been necessary to make a contemporaneous objection to have preserved that issue for direct appeal because the judge was in the process of imposing sentence when he said the words Mangan objects to and that would have been preserved for appeal. Because no objection was necessary, it was not ineffective assistance of trial counsel to fail to make one and therefore not ineffective assistance of appellate counsel to fail to raise that as an ineffective assistance of trial counsel claim on direct appeal.

The Second District went further and concluded that, even had this been raised on direct appeal, it would not have been as strong an argument as the assignments of error actually raised and therefore it was not ineffective assistance of appellate counsel to fail to make it. *State v, Mangan 26(B)*, ECF No. 8, Ex. 29, PageID 179, citing *Jones v. Barnes, supra.*

In his Reply, Mangan argues the merits of his sentencing claim directly. That claim is not before this Court because it was not raised on direct appeal. But had it been raised, it would have been without merit for reasons the Second District discusses at PageID 178-79.

Ground Four is without merit and should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner

16

should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 7, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).